IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL A. KENNEDY,            )
                               )
            Plaintiff,         )
                               )
      v.                       )        CASE NO. 3:22-CV-645-RAH
                               )
STATE OF ALABAMA               )
DEPARTMENT OF                  )
TRANSPORTATION,                )
                               )
            Defendant.         )

## ORDER

On December 12, 2024, the Magistrate Judge recommended the Motion for Preliminary Injunction should be denied. (Doc. 50.)  The Magistrate Judge also ordered that, on or before December 27, 2023, Plaintiff may file Objections.  (*Id*. at 16.)  On December 27, 2023, Plaintiff Michael A. Kennedy filed Objections to the Report and Recommendation. (Doc. 52.)

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest*

*S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

Plaintiff objects to the Magistrate Judge's determination that he has not shown a substantial likelihood that he can prove that retaliation was the true motive for ALDOT's decision to investigate and place him on mandatory leave without pay pending the outcome of that investigation or that the reasons proffered by ALDOT were not its true reason for placing him on leave. (Doc. 52 at 2.)  Specifically, he argues that there is evidence of retaliation because ALDOT initially withheld information from him and an ALDOT official told an employee to interview other employees despite an initial finding that no ALDOT policy was violated.  He requests this Court to remove the finding that "credible" information was used to place him on leave and to order ALDOT to allow him to return to work again.

The Magistrate Judge's Report and Recommendation does not include a finding that the witnesses' allegations are credible. As discussed in the Recommendation, "ALDOT has not yet reached a final determination of the ultimate credibility of those allegations except to the extent of determining that the allegations

are sufficiently credible to warrant further investigation. That is, ALDOT has made no decision whether to believe Kennedy's explanation for the noises the witnesses heard or whether to believe the witnesses' impression of what Kennedy was doing in the bathroom stall." (Doc. 50 at 10, n. 5.)   Although the Magistrate Judge summarized ALDOT's findings, there is nothing to suggest that the Court has formed any opinion as to the credibility of the witnesses at this early stage of the proceedings.

Upon an independent review of the record, it is

ORDERED as follows:

1.  The Objections (Doc. 52) are OVERRULED;

2.  The Recommendation (Doc. 50) is ADOPTED;

3.  The Motion for Preliminary Injunction (Doc. 23) is DENIED.

DONE, on this the 13th day of February 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE