IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:22-CV-645-RAH |
| | ) |
| STATE OF ALABAMA | ) |
| DEPARTMENT OF | ) |
| TRANSPORTATION, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

On February 8, 2024, the Magistrate Judge recommended that Defendant State of Alabama Department of Transportation's ("ALDOT") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 33) should be granted, that ALDOT's Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted (Doc. 33) should be granted in part and denied in part as moot, and that Plaintiff Michael A. Kennedy's Motion to Amend (Doc. 38) should be granted.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). *De novo* review requires that the district court

independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

Plaintiff objects to the Magistrate Judge's determination that "Congress has not legitimately abrogated States' Eleventh Amendment immunity with respect to employment disability discrimination claims under the ADA." (Doc. 53 at 35.)  He argues that Title V of the ADA provides that a state is not immune when a plaintiff seeks remedies available for such a violation in an action against any public or private entity other than a State.  (Doc. 58 at 2.)  Plaintiff's impression is that ALDOT should be held liable for discrimination and retaliation claims.

As discussed in the Recommendation, "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health & Rehab. Servs*., 779 F.2d 1509, 1511 (11th Cir. 1986). Congress has not legitimately abrogated States' Eleventh Amendment immunity with respect to employment disability discrimination claims

under the ADA. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (200, No. 1:20-CV-00186-JPB, 2023 WL 2977366, at *2 (N.D. Ga. Apr. 17, 2023). Nonetheless, even though Plaintiff's ADA claims against ALDOT itself are barred by sovereign immunity, "[he] may rely on *Ex parte Young* to maintain an action for injunctive relief" in a suit against state officials for violation of federal law. *Williams*, 2023 WL 2977366, at *6; *see Ex parte Young*, 209 U.S. 123 (1908). The decision in *Ex parte Young* provides an exception to sovereign immunity where, as here, the Plaintiff alleges an ongoing violation of rights under the ADA and seeks prospective injunctive relief. *Henderson v. Thomas*, 891 F. Supp. 2d 1296, 1312 (M.D. Ala. 2012).

Moreover, the Magistrate Judge recommended, and the undersigned agrees, that Plaintiff may be allowed to cure any deficiencies related to an ADA suit against an ALDOT official in an amended pleading. In addition, she recommended that he should be allowed to amend his complaint to specifically state his family-care and/or equitable self-care FMLA retaliation claims, name an appropriate state official (rather than a state agency) as a defendant for purposes of injunctive relief with respect to any equitable self-care FMLA retaliation claim, and to specifically state his claims for injunctive relief.

Upon an independent review of the record, including the Magistrate Judge's Report and Recommendation and Plaintiff's Objections, it is

ORDERED as follows:

1. The Objections (Doc. 58) are OVERRULED;

2. The Recommendation (Doc. 53) is ADOPTED;

3. Plaintiff Michael Kennedy's Motion to Amend (Doc. 38) is GRANTED and Plaintiff shall file an amended pleading **on or before March 22, 2024**. In the amended pleading, Plaintiff shall do the following:

   a. Plainitff shall amend his complaint to more specifically state any family-care FMLA claims, any self-care FMLA claims for prospective equitable relief, and any ADA claims for prospective equitable relief.

   b. Plaintiff shall amend his complaint to name an appropriate state official (rather than a state agency) as a defendant for purposes of injunctive relief with respect to any equitable self-care FMLA retaliation and ADA claims.

   c. The amended complaint must set out in separately numbered paragraphs a short, plain statement of the facts on which Plaintiff bases his claims. To the extent possible, for each act of alleged discrimination or other wrongful conduct, Plaintiff should include the date(s) of the alleged wrongful conduct, a sufficient description of the alleged wrongful conduct, the names of the Defendant(s) or other persons who

allegedly engaged in that conduct, and the facts supporting his contention that wrongful conduct occurred.

d. The amended complaint must set out Plaintiff's legal claims in separate counts, with one claim per count, referencing the specific allegations of fact that support each legal claim. "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." Fed. R. Civ. P. 10(b).

e. The amended complaint shall state plainly the monetary damages and injunctive relief Plaintiff requests from the court.

f. The amended complaint shall comply with the Federal Rules of Civil Procedure, including Rule 8(a), Rule 8(d), and Rule 10.18

Plaintiff is CAUTIONED that failure to timely file an amended complaint in accordance with the Court's Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the Court's orders.

4. Defendant Alabama Department of Transportation's Motion to Dismiss Plaintiff's FMLA self-care and ADA claims for lack of jurisdiction (Doc. 33) is GRANTED, and Plaintiff's FMLA self-care and ADA claims against Defendant are DISMISSED without prejudice for lack of jurisdiction.

5. Defendant'S Motion to Dismiss Kennedy's Amended Complaint for Failure to State a Claim upon which Relief Can be Granted (Doc. 33) is GRANTED IN PART and DENIED IN PART, as follows:

   a. Defendant's Motion to Dismiss claims is GRANTED IN PART as to Plaintiff's Title VII claims and Plaintiff's Title VII claims are DISMISSED with prejudice.

   b. In light of the granting of Plaintiff's Motion to Amend, Defendant's Motion to Dismiss for Failure to State a Claim is DENIED IN PART as moot as to all remaining claims, without prejudice to Defendant to reassert the same arguments in opposition to an amended pleading.

6. This action is referred back to the Magistrate Judge for further proceedings.

DONE, on this the 6th day of March 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE