UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

RECEIVED
2024 APR 16 P 4:30
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MICHAEL A. KENNEDY )<br>   Plaintiff, )<br>v. )<br>STATE OF ALABAMA DEPARTMENT OF )<br>TRANSPORTATION, TAYLOR OLIVER, in his official and )<br>individual capacities, REBEKAH CRAWFORD, in her )<br>official and individual capacities, WES FULMER, in his )<br>official and individual capacities, SHERI ELLIS, in her )<br>official and individual capacities, STEVE GRABEN, in his )<br>official and individual capacities, UNDREA CAMPBELL, in )<br>her official and individual capacities, PHILLIP MCINTOSH, )<br>in his official and individual capacities, STEPHANIE )<br>HENDERSON, in her official and individual capacities, )<br>ALABAMA STATE LEGAL DEPARTMENT, )<br>   Defendant. ) | CASE NO. 3:22-CV-645-ECM-JTA |

Plaintiff Michael A. Kennedy ("Plaintiff" or "Mr. Kennedy"), pro se, as and for his Complaint in this action against Alabama Department of Transportation, Taylor Oliver, Rebekah Crawford, Wes Fulmer, Sheri Ellis, Steve Graben, Undrea Campbell, Phillip McIntosh, Stephanie Henderson, Alabama State Legal Department (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including its discriminatory/ retaliatory treatment of Plaintiff due to his qualified medical condition and FMLA rights and its unlawful retaliation after he complained about the unlawful discrimination in the workplace in violations of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. ("ADA 1990"), the Family and Medical Leave ACT of 1993 ("FMLA") and Title VII of the Civil Rights ACT of 1964 ("Title VII").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 42 U.S.C. §2000e-5 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII, FMLA and ADA 1990.

3. The Venue is proper in this district because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## ADMINISTRATIVE PROCEDURES

4. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 22,2022, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. ("ADA 1990"), the Family and Medical Leave ACT of 1993 ("FMLA"). Plaintiff's EEOC charge arises out of many of the same facts alleged herein that pertain to his claim.

5. The EEOC completed its investigation and issued a Right to Sue letter on August 5,2022.

6. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

7. Plaintiff Michael A. Kennedy worked with the Alabama Department of Transportation at the time of the actions taken against him and met the definition of an "employee" under all applicable statutes.
8. State of Alabama Department of Transportation (ALDOT) is engaged in the construction and maintenance of all state highways within the state of Alabama. At all relevant times, ALDOT has met the definition of an "employer" under all applicable statutes.
9. Defendant Taylor Oliver was the project manager over Plaintiff during the period of this complaint. At relevant times, Defendant Oliver directly participated in the discriminatory/retaliatory and otherwise unlawful decisions and actions taken against Plaintiff.
10. Defendant Rebekah Crawford was the district manager over the Plaintiff during the time period of this complaint. At relevant times, Defendant Crawford participated in the discriminatory/retaliatory and otherwise unlawful decisions and actions taken against Plaintiff.
11. Defendant Wes Fulmer was the division office as a Construction Engineer over the Plaintiff during the time period of this complaint. At relevant times, Defendant Fulmer participated in the discriminatory/retaliatory and otherwise unlawful decisions and actions taken against Plaintiff.
12. Defendant Sharon Ellis was the Assistant Region Engineer over Plaintiff during the time period of this complaint. At relevant times, Defendant Ellis participated in the discriminatory/retaliatory and otherwise unlawful decisions and actions taken against Plaintiff.
13. Defendant Steve Graben was the Region Engineer over Plaintiff during the time period of this complaint. At relevant times, Defendant Graben participated in the discriminatory/retaliatory and otherwise unlawful decisions and actions taken against Plaintiff.
14. Defendant Undrea Campbell was the Region EEO officer over Plaintiff during the time period of this complaint. At relevant times, Defendant Campbell participated in the

discriminatory/retaliatory and otherwise unlawful decisions and actions taken against Plaintiff.

15. Defendant Phillip McIntosh was the Director of Personnel Department over Plaintiff during the time period of this complaint. At relevant times, Defendant McIntosh participated in the discriminatory/retaliatory and otherwise unlawful decisions and actions taken against Plaintiff.

16. Defendant Stephanie Henderson was the division FMLA Coordinator over Plaintiff during the time period of this complaint. At relevant times, Defendant Henderson participated in the discriminatory/retaliatory and otherwise unlawful decisions and actions taken against Plaintiff.

17. Defendant Alabama State Legal Department was the Attorney General of the State of Alabama office over Plaintiff during the time period of this complaint. The Alabama State Legal Department includes: Attorney General Steve Marshall, Chief Counsel William Patty, Assistant Counsel Christy Coan, Assistant Counsel Robert Prescott, Assistant Counsel Kaasha Griffin, Assistant Counsel Allison Taylor and Assistant Counsel Tony Higgins (collectively, "Defendants of Legal Department"). At relevant times, Defendants of Legal Department participated in the discriminatory/retaliatory and otherwise unlawful decisions and actions taken against Plaintiff.

## FACTUAL ALLEGATIONS

18. Plaintiff Michael A. Kennedy is a former employee of Alabama Department of Transportation.

19. Plaintiff was employed by ALDOT from August 26,2002 to February 28,2024 as a Graduate Civil Engineer.

20. As a Graduate Civil Engineer, Plaintiff reported to Project Manager Taylor Oliver until June 1,2022. Then, Plaintiff reported to Kris Kiefer.

21. Plaintiff developed a medical issue around September 5,2007 and made ADA 1990 accommodation with Robert J. Prater, project manager at the time.

22. On September 6,2018, Plaintiff submitted letter of medical condition to Taylor Oliver and an ADA 1990 accommodation was agreed upon.

23. On April 4,2019, Plaintiff was diagnosed with a medical condition by Dr. Blankenship. Plaintiff confirmed with Dr. Blankenship that he was able to drive without restrictions. Blankenship states that he has patients in worse shape than Plaintiff and they drive without issues.

24. On April 5,2019, Plaintiff submitted letter with the diagnosis to Taylor Oliver. No issues with me driving work vehicle.

25. On December 15,2020, Plaintiff has interview in Union Springs, Alabama for a District Manager Position. Vance Beck, Rebekah Crawford and Wes Fulmer were the interviewers for Plaintiff. Plaintiff didn't get the promotion with these interviewer's opinions.

26. On May 3,2021, Sean Patterson was given promotional position of Project Manager status over Plaintiff.

27. On May 4,2021, Plaintiff meets with Rebekah Crawford to inquire as to why Sean Patterson was put as Project Manager over him despite Plaintiff being a Project Manager in the past and has 18 years of experience compared to Sean Patterson 2 years. Crawford states that it was because Plaintiff medical condition was having him come in late at times and as long as she was District Manager over Plaintiff, he would never have a promotional position due to his medical disability. This violates federal law, ADA 1990, as to Plaintiff right to be treated the same as others without a disability and Crawford denying me a promotional position.

28. On May 10,2021, Plaintiff had meeting with Undrea Campbell to complain about him being passed over for a promotional position due to his disability. Campbell tells Plaintiff that it's not discrimination, although the basis was based on his disability. This violates ADA 1990 on the basis of someone with a disability be treated the same as others without a disability. Campbell does offer FMLA forms to Plaintiff and says she understands him having vertigo, because she also has it.

29. On June 2,2021, Plaintiff had an informal counseling with Taylor Oliver about being tardy for days in April 2021 and May 2021. This counseling violates federal law ADA 1990

accommodation with Taylor Oliver which allowed for Plaintiff to come in late due to medical issues.

30. On August 13,2021, Plaintiff received an email from Rebekah Crawford stating that FMLA was approved for him. FMLA was backdated to the date Plaintiff started the FMLA paperwork, June 15,2021.

31. On August 24,2021, Plaintiff email to Stephanie Henderson (FMLA Coordinator), as per her request, with 4 dates in past that were applied to FMLA (June 22,2021 (1 hour), June 28,2021 (2 Hours), July 12,2021 (3 hours) and July 22,2021 (2 hours)).

32. On October 25, 2021, Plaintiff was present with documents by Taylor Oliver to discipline him for taking FMLA days and exercising his accommodation agreement rights. This is a violation of Plaintiff FMLA rights and ADA 1990 rights from the accommodation. The State Legal Department illegally takes FMLA hours away from Plaintiff account without approved, violating FMLA rules and regulations. Plaintiff was also disciplined for taking 5 days off for medical reasons between June 1,2021 and October 25,2021. During the same time period, Project Manager Taylor Oliver took off 13 days, Leernest McBride took off 22 days, Sean Patterson took off 11 days, Seth Johnson took off 5 days and Don Reckart took off 12 days. None of these other co-workers were disciplined for taking days off, which is a violation of Plaintiff federal rights to be treated the same as others through ADA 1990.

33. October 26,2021, Taylor Oliver made an accommodation with Plaintiff and had Dylan Turner (PCET) take Plaintiff to the District Office to move his work truck to the project office in Opelika.

34. On November 17,2021, Taylor Oliver presents Plaintiff with papers to sign that was taking away Plaintiff leave time and FMLA time without his consent. This violates Plaintiffs federal FMLA rights.

35. On November 18,2021, Plaintiff had meeting with Rebekah Crawford to discuss results of the discipline. Rebekah Crawford upheld the discipline action, ignoring the fact that Plaintiff federal rights were being violated from FMLA and ADA 1990. Rebekah Crawford and Undrea Cambell required Plaintiff to drive work vehicle from one location to his office location without pay despite Taylor Oliver making the accommodation to allow Plaintiff to pick up vehicle from office location. This is a violation of Plaintiff federal ADA 1990 rights to be accommodated and not be treated different than other workers due to Plaintiff

Case 3:22-cv-00645-RAH-JTA   Document 62   Filed 04/16/24   Page 7 of 17

medical disability. By requiring Plaintiff to drive vehicle off the clock is also a violation of U.S. Department of Labor federal regulations.

36. On November 22,2021, Plaintiff received letter from Stephanie Henderson stating that his FMLA hours were being taken from him and that he was denied two days to use FMLA because of medical disability. This violates Plaintiff federal rights to use FMLA days (FMLA interference) for Plaintiff medical disability and State Legal Department, with Stephanie Henderson assistance, illegally took Plaintiff FMLA leave time.

37. On December 1,2021, Plaintiff drops off four grievances to regional office in Montgomery, Alabama in response to these violations against him.

38. On December 15,2021, Taylor Oliver told Plaintiff that he had to leave the job and was not allowed to perform his inspection responsibilities on the job. Taylor Oliver stated that Rebekah Crawford told him that all other workers had priority over Plaintiff and Plaintiff was the last one to be able to work extra hours. This is a violation of federal rights under ADA 1990 that prohibits a person with a disability from being treated differently than other workers.

39. On December 27,2021, Plaintiff filled out a grievance against Taylor Oliver and Rebekah Crawford for treating Plaintiff differently than other workers (violation of federal rights).

40. On January 12, 2022, Plaintiff requested an accommodation through Undrea Campbell work stay and work later hours, when contractors are available, due to medical disability causing late arrivals.

41. On January 20,2022, Plaintiff had a meeting with Wes Fulmer and Sharon Ellis at the region office in Montgomery. Plaintiff told Wes Fulmer and Sharon Ellis that he was being treated different from other workers, he was disciplined for using FMLA, his FMLA time was being illegally taken from him and that he had ADA accommodations with Taylor Oliver. Wes Fulmer and Sharon Ellis both ignored the violations against the Plaintiff and upheld the discipline against him.

42. On January 31,2022, Plaintiff appealed the decision of the grievances to Phillip McIntosh, Director of the State Personnel Department.

43. On February 7,2022, Plaintiff doctor filled out ADA accommodation forms, because Undrea Campbell said he had to fill them out. The forms state Plaintiff doesn't have any restrictions.
44. On February 9, 2022, Dr. Blankenship resubmitted the A.D.A. forms to Undrea Campbell again with no restrictions for Plaintiff.
45. On February 11,2022, Plaintiff discipline was upheld by Phillip McIntosh, despite the obvious violations of federal law.
46. On February 28,2022, Plaintiff filled out a Discrimination complaint with Phillip McIntosh for the violation of federal law with respects to Plaintiff rights.
47. On March 11,2022., Undrea Campbell presents Plaintiff with an accommodation recommendation, which Plaintiff rejects, due to no accommodation being made.
48. On March 16, 2022, Plaintiff talks with Adrian McIntosh about Discrimination Claim filed with State of Alabama. Plaintiff explains that he was disciplined and being treated discriminatory in violation of federal laws of FMLA and ADA 1990.
49. In March 2022, Undrea Campbell takes to Plaintiff doctor office on several occasions, even though doctor states that Plaintiff can perform his job without restrictions. Undrea Campbell kept talking to the doctor office until they changed the form for Plaintiff to have restrictions. Plaintiff has seen Dr. Blankenship on fifteen different appointments between April 4,2019 and May 19,2022. At these appointments, the diagnosis of Meniere's Disease has been discussed with respects to limitations and restrictions to which no restrictions were ever put in place.
50. April 8,2022, Undrea Campbell presents Plaintiff with a document stating that he has to give up his job.
51. On April 26,2022, Plaintiff had a meeting with Steve Graben for the response to the Discrimination complaint. I explained the same issues to Mr. Graben with respects to the violations to my FMLA rights and violations of my ADA 1990 rights. Steve Graben explained that Plaintiff Discrimination Complaint was knocked down to a grievance by Phillip McIntosh, without explanation or justification to Plaintiff. Mr. Graben then states that even though there are issues with the discipline, he was upholding the discipline

against Plaintiff. Mr. Graben also explains that Rebekah Crawford is allowed to decide how Plaintiff is treated at work, despite the violations of his rights.

52. On May 18,2022, Plaintiff has another appointment with Dr. Blankenship, to which Plaintiff asked, "Why was my ADA form changed to put restrictions on my driving when I don't have any issues with driving? You told me at our appointment when you diagnosed me that you had patients worse than me that can drive." Dr. Blankenship and nurse Sabrina told Plaintiff, at the appointment, that Undrea Campbell told him he had to change it and put a restriction. Dr. Blankenship told Plaintiff that he doesn't need restrictions driving and that he no longer wanted Plaintiff as a patient due to Undrea Campbell. Undrea Campbell violated Plaintiff ADA by coercing doctor to change forms to removed Plaintiff driving privileges.

53. On May 19,2022, Plaintiff emails Undrea Campbell with doctors note stating no restrictions. Undrea Campbell never replied.

54. On May 20,2022, Plaintiff signs transfer order due to Undrea Campbell not responding and for fear of being fired from his job.

55. On August 3,2022, Plaintiff went to see a new doctor in Birmingham at UAB ENT. Dr. Killeen concludes that I have migraine issues, but cannot say if I have Meniere's Disease. Dr. Killeen keeps both diagnoses. I send this to Undrea Campbell, who in turn reinstates my driving privileges, even though Plaintiff still has same medical issue for which she took them away.

56. On January 19,2023, Plaintiff files a complaint for FMLA violations against ALDOT though the U.S. Department of Labor.

57. On March 31,2023, Steve Graben tells Plaintiff that he has to leave the premises and not return with no explanation. Undrea Campbell and Steve Graben went to find people to make a complaint against Plaintiff, even though a decision was already made that Plaintiff never did anything wrong. This was during the time when Plaintiff had to turn in his complaint to the Court. This is a violation of Title VII of the Civil Rights ACT of 1964 by subjecting Plaintiff to retaliation. There is no conclusive proof that Plaintiff has done anything wrong or violated any rules or regulations.

58. October 11, 2023, Plaintiff receives results from U.S. Department of Labor. The conclusion is that Plaintiff was discriminated against and subjected to several violations against him from ALDOT and the State Legal Department,

## FIRST CAUSE OF ACTION

### (violation of the Americans with Disabilities Act of 1990 (ADA))

59. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.
60. Defendants have violated ADA rights with respects to Accommodations, Discrimination and equal treatment on the basis of disability, which has led to unwarranted actions leading to termination of Plaintiff's employment with ALDOT.
61. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the Americans with Disabilities Act of 1990, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.
62. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the Americans with Disabilities Act of 1990, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.
63. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the Americans with Disabilities Act of 1990, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to punitive damages.

## SECOND CAUSE OF ACTION

### (violations of the Family and Medical Leave ACT of 1993)

64. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

65. Defendants have discriminated, retaliated and interfered with Plaintiff FMLA rights by subjecting him to disparate treatment with respects to use of FMLA.

66. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the Family and Medical Leave ACT of 1993, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

67. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the Family and Medical Leave ACT of 1993, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to punitive damages.

## THIRD CAUSE OF ACTION

### (Retaliation in Violation of Title VII of the Civil Rights ACT of 1964)

68. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

69. Defendants have violated the Title VII of the Civil Rights ACT of 1964 by subjecting Plaintiff to retaliation for his protected complaints by putting Plaintiff on leave without pay and terminating Plaintiff's employment with ALDOT.

70. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the Title VII of the Civil Rights ACT of 1964, Plaintiff has suffered and continues

to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

71. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the Title VII of the Civil Rights ACT of 1964, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

72. Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of the Title VII of the Civil Rights ACT of 1964, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgement in his favor and against Defendant, containing the following relief:

A. A declaratory judgement that the actions, conduct and practices of Defendants complained herein violate the laws of the United States and the State of Alabama;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to place Plaintiff in a position that provides the least hardship and that he would have occupied but for Defendants' discriminatory, retaliatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and otherwise unlawful conduct are eliminated and do not continue to affect Plaintiff;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but now limited to, the lost of past and future income, wages, compensation, job security and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on _Michael Kennedy_, I filed the foregoing with the Clerk of Court. I will send notification by electronic and/or postal mail to the following:

**Sheri Ellis**
Retired
ALDOT Southeast Region
Assistant Region Manager
707 County Road 3331
Brundidge, AL 36010
334-735-3955

**Steve Marshall**
Attorney General
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36104
331-242-7300

**State of Alabama**
**Department of Transportation**
**Legal Department**
1409 Coliseum Blvd, Room 147
Montgomery, Alabama 36110
334-242-6350

**Christina Ann Coan**
Alabama Dept of Transportation
1409 Coliseum Blvd
Montgomery, AL 36110
334-424-6350
Fax: 334-264-4359
Email: coanc@dot.state.al.us

**Kaasha Danielle Benjamin Griffin**
Alabama Dept of Transportation
1409 Coliseum Blvd
Montgomery, AL 36110
334-424-6350
Fax: 334-264-4359
Email: griffink@dot.state.al.us

**Steven Anthony Higgins**
Alabama Dept of Transportation
1409 Coliseum Blvd
Montgomery, AL 36110
334-424-6350
Fax: 334-264-4359
Email: higginss@dot.state.al.us

**William Franklin Patty**
Alabama Dept of Transportation
1409 Coliseum Blvd
Montgomery, AL 36110
334-424-6350
Fax: 334-264-4359
Email: pattyw@dot.state.al.us


**Undrea Campbell**
ALDOT Southeast Region EEO Officer
100 Capitol Commerce Blvd
Suite 210 Building B
Montgomery, AL 36117
334-353-6902
Campbellu@dot.state.al.us


**Steve Graben**
ALDOT Southeast Region Engineer
100 Capitol Commerce Blvd
Suite 210 Building B
Montgomery, AL 36117
334-353-6851
GrabenS@dot.state.al.us

**Rebekah Crawford**
ALDOT District 66 Administrator (Seale) Russell and Lee Counties
11717 US Highway 280 East
Salem, Alabama 36874
334-480-8943
Crawfordr@dot.state.al.us


**Taylor Oliver**
ALDOT Project Manager
11717 US Highway 280 East
Salem, Alabama 36874
334-268-1174
Olivert@dot.state.al.us



**Stephanie Henderson**
ALDOT Southeast Region FMLA Coordinator
334-241-8566
hendersons@dot.state.al.us


**Phillip McIntosh**
ALDOT Personal Bureau, Bureau Chief, Director of Personnel
1409 Coliseum Boulevard
PO Box 303050
Montgomery, AL 36130-3050
334-242-6865
McIntoshP@dot.state.al.us


**Wes Fulmer**
ALDOT Southeast Region
Assistant Pre-Construction Engineer, Preliminary
100 Capitol Commerce Blvd
Suite 210 Building B
Montgomery, AL 36117
334-353-6853
FulmerW@dot.state.al.us

_Michael Kennedy_                          4-16-24

Michael A. Kennedy                          Date
Pro Se

Michael A. Kennedy
2308 Nail Court
Phenix City, AL 36869
334-614-2632