IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. KENNEDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:22-cv-645-RAH-JTA |
| ) | (WO) |
| STATE OF ALABAMA ) | |
| DEPARTMENT OF ) | |
| TRANSPORTATION, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court is Defendant Alabama Department of Transportation's ("ALDOT's") Motion to Compel Plaintiff's Responses to Outstanding Discovery Requests. (Doc. No. 133.)

Rule 37(a) of the Federal Rules of Civil Procedure provides as follows:

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

Defendant ALDOT failed to include such a certification in the motion for protective order or to clearly explain that it provided advance notice to Plaintiff of its intent to file a motion to compel. For these reasons, the motion to compel is due to be denied. *Samadi v. Bank of Am., N.A.*, 476 F. App'x 819, 821 (11th Cir. 2012) (affirming the denial of a motion to compel on grounds that the movant failed to certify he had conferred in good faith with

the opposing party's counsel as required by Rule 37(a)(1) and failed to comply with local discovery rules); *Walker v. Dorriety*, No. 1:20-CV-1007-ECM-SMD, 2022 WL 20209780, at *1 (M.D. Ala. Apr. 4, 2022) ("A motion to compel that does not contain a certification that the movant has attempted to confer in good faith may be summarily dismissed." (collecting cases)).

In addition, the *Guidelines to Civil Discovery Practice in the Middle District of Alabama* require "the parties communicate either by telephone or at a face[-]to[-]face meeting (i.e. – in person, by Skype, video conference or the like) regarding discovery disputes." *Guidelines to Civil Discovery Practice in the Middle District of Alabama*, Summary of the 2015 Revisions; *Walker*, 2022 WL 20209780, at *1. In this District, the good-faith conference requirements of the Federal Rules of Civil Procedure and the *Guidelines to Civil Discovery Practice* are strictly enforced. *See Samadi*, 476 F. App'x at 821 (upholding denial of a discovery motion on grounds that the motion failed to comply with both Federal and local discovery rules).

Defendant ALDOT submitted evidence that it addressed its discovery concerns to Plaintiff via several emails. In this District, letters, emails, text messages, and other attempts to communicate in writing are insufficient to satisfy the requirement of a good-faith attempt to confer. Written communications are correspondence, not a conference. Rather, a telephone call, videoconference, or face-to-face meeting is required. *Walker*, 2022 WL 20209780, at *1 (discussing the Guidlelines). This is because, as the Guidelines mention, "[t]he Federal Rules anticipate that discovery will proceed without the intervention of the Court," and "many discovery disputes can be resolved informally if the

2

parties will communicate prior to Court intervention." *See* Rule I.A., *Guidelines to Civil Discovery Practice in the Middle District of Alabama*; *see also Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999) (explaining that a local rule requiring a good-faith conference prior to the filing of discovery motions "encourages resolving discovery disputes without judicial involvement," whereas "[f]ailure to confer or attempt to confer may result in unnecessary motions" and the expenditure of judicial "resources better applied elsewhere").

Accordingly, it is ORDERED that Defendant Alabama Department of Transportation's Motion to Compel Plaintiff's Responses to Outstanding Discovery Requests (Doc. No. 133) is DENIED without prejudice.

DONE this 20th day of November, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE