IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. KENNEDY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:22-cv-645-RAH-JTA ) (WO) |
| STATE OF ALABAMA DEPARTMENT OF TRANSPORTATION, et al., | ) ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the court is *pro se* Plaintiff Michael A. Kennedy's motion to quash a subpoena. (Doc. No. 139.) For the reasons stated below, the motion will be denied.

Kennedy moves to quash or modify a subpoena Defendant State of Alabama Department of Transportation ("ALDOT") intends to serve on Blue Cross and Blue Shield of Alabama. He argues the subpoena is overly broad, seeks irrelevant information, poses an undue burden on Blue Cross and Blue Shield, and requires disclosure of privileged or other protected matter. (Doc. No. 139 at 2-4.)

As Kennedy should already be aware, "'[t]he *Guidelines to Civil Discovery Practice in the Middle District of Alabama*[1] require 'the parties[to] communicate either by telephone or at a face[-]to[-]face meeting (i.e. – in person, by Skype, video conference or the like) regarding discovery disputes.'" (Doc. No. 135 at 2 (November 20, 2024 Order)

---

[1] The *Guidelines to Civil Discovery Practice in the Middle District of Alabama* may be found on the court's website at https://www.almd.uscourts.gov/forms/guidelines-civil-discovery-practice-middle-district-alabama.

(quoting *Guidelines to Civil Discovery Practice in the Middle District of Alabama*, Summary of the 2015 Revisions).) Under the *Guidelines*, "letters, emails, text messages, and other attempts to communicate in writing are insufficient to satisfy the requirement of a good-faith attempt to confer. Written communications are correspondence, not a conference. Rather, a telephone call, videoconference, or face-to-face meeting is required." *Id*. The *Guidelines* include the conference requirement "because, as the *Guidelines* mention, '[t]he Federal Rules anticipate that discovery will proceed without the intervention of the Court,'" and "'many discovery disputes can be resolved informally if the parties will communicate prior to Court intervention.'" (*Id.* at 2-3 (quoting Rule I.A., Guidelines to Civil Discovery Practice in the Middle District of Alabama).) "In this District, the good-faith conference requirements of the Federal Rules of Civil Procedure and the Guidelines to Civil Discovery Practice are strictly enforced." (*Id*. at 2.)

By all appearances, Kennedy filed his motion to quash as his initial response to an email from ALDOT's counsel notifying him of ALDOT's intent to serve the subpoena. He does not provide any evidence that he attempted to confer with ALDOT's counsel prior to filing the motion to quash. Thus, Kennedy fails to demonstrate compliance with Rule I.A. of the *Guidelines to Civil Discovery Practice in the Middle District of Alabama* by first conferring in good faith with the affected parties prior to filing the motion to quash. Hence, the motion to quash is due to be denied. *See Hiers as Next Friend of D.H. v. Blackwell*, No. 3:24-CV-123-RAH-JTA, 2024 WL 4895707, at *3 (M.D. Ala. Nov. 26, 2024) (denying a motion to quash a subpoena for several independent reasons, including that the movant "did not demonstrate that it complied with Rule I.A. of the Guidelines to Civil Discovery

2

Practice in the Middle District of Alabama by conferring first with the affected parties prior to filing the motion to quash"); *Bosch v. Ball-Kell*, No. 05-80686-CIV, 2006 WL 8435488, at *2 (S.D. Fla. Apr. 10, 2006) (finding that "[t]he Plaintiff filed a motion [to quash a subpoena] in this Court, and that motion must comply with the local rules," including the local requirement of a conference prior to the filing of the motion); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 ("Although Fed. R. Civ. P. 45 itself imposes no duty to confer, the District of Kansas has imposed such a duty by local rule. *See* D. Kan. Rule 37.2.").

Accordingly, it is ORDERED that Kennedy's motion to quash (Doc. No. 139) is DENIED.

DONE this 31st day of December, 2024.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE